## BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES v. PENNSYLVANIA R. CO.

(District Court, E. D. Pennsylvania.   June, 1922.)

No. 2583.

Injunction ⊙⇒148(1)—Preliminary injunction held not to be issued without·security to party enjoined.

No preliminary injunction restraining a railroad company from chang-ing the scale of wages of employees ordered by the Labor 'Board should issue without security to the party enjoined.

In Equity.   Bill by the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees against the Pennsylvania Railroad Company.   On motion for preliminary injunction.   Motion held under advisement.

J. Washington Logue and Francis J. McCarthy, both of Philadel-phia, Pa., for plaintiff.

John Hampton Barnes, of Philadelphia, Pa., for defendant.

Facts.

DICKINSON, District Judge.   The facts upon which the present motion is based are as follows:

The Labor Board, constituted by the Transportation Act (Comp. St. Ann. Supp. 1923, § 10071¼ et seq.),.made an order fixing the wage scale of the members of the plaintiff organization by decreasing the then existing scale.   The defendant, as preliminary to a conference with its employees for the purpose of establishing a new scale of wages, pro-vided the machinery of an election for representatives.   The method proposed of conducting the election was disapproved by the board, and the election held thereunder was declared invalid.   A new election, to be conducted in accordance with the mode prescribed by the board, was directed.   The defendant, disputing the legal power of the board to make the orders which were made, agreed with the representatives, whose election had thus been declared invalid, upon a new scale of wages to become effective as of July 16, 1922.

The pertinent prayer of the present bill is for a decree enjoining the defendant from changing the scale ordered by the board until it is changed in accordance with the provisions of the Transportation Act.

Previous to the filing of the present bill the defendant herein, as plaintiff, had filed its bill in the District Court for the Northern Dis-trict of Illinois, Eastern Division, asking that the orders made by the board be declared invalid, and that it be restrained from further pro-ceedings therein.   This bill, on its own averments, was dismissed by the Circuit Court of Appeals for the Seventh Circuit.   The ruling made fully sustains the power of the board to do all which it had done.   The court, however, found that there was not in the case before it "involved any proceeding for the enforcement on the carrier of a decision of the board."   The court, in consequence, until there had been a refusal "to

obey the board's decision," refused to discuss the merits of any attempt "to enforce the decision as one binding and conclusive on the parties." Steps have been taken to have the ruling made reviewed by the Supreme Court.

### The Present Situation.

In view of the situation thus presented, that the main propositions of the defense are to this extent still open questions, it would be worse than useless for us to discuss them, further than to state the opinion that it is our duty to give our adherence to the rulings made in the cited case, so far as the law laid down in that case applies, and to the corollary doctrines thereby established. This would make our task much easier than it would otherwise have been, except for the practical dilemma presented by this motion.

The plaintiff in the case has no money interest in it. It is acting wholly as the mouthpiece of those employees of defendant who are affected by whatever difference there is between the old scale and the new. The only persons who have such money interest are each of the individual employees so affected and the defendant, whose interest is the aggregate of all the others.

The course of the argument at bar justifies us in using, at least for the purposes of illustration, the fact that the number of employees involved is 30,000, and the aggregate wage payment difference reaches the sum of $175,000 per month. The interest of the individual employee is in the view now presented almost negligible, yet the aggregate sum is as nearly prohibitive of practical action.

We cannot shut our eyes to the fact that, however clear the rights of the parties may seem to us to be, we are nevertheless deciding the cause in advance of trial, and there is, moreover, room for difference of opinion. We say this because, of the two courts which have had the legal merits of the questions raised before them, one has been of one opinion, and one of another, not to mention the positive and aggressive differences among able and experienced counsel. More than this, there are two probabilities which confront us. One is that, if the defendant pays now the money in dispute, it cannot afterwards be recovered, however the cause may be ultimately decided; the other is that the defendant will in the end be answerable for all it owes, so that the only loss is that which flows from the unavoidable delay in the final decision.

This emphasizes the well-known requirement that no preliminary injunction should issue without security to the party enjoined. Such security is demanded in the present instance. The giving of a bond in such sum as would be ordinarily required and such as would be adequate is, we assume, impracticable. When this cause was argued, no decision had as yet been handed down by the Circuit Court of Appeals for the Seventh Circuit. The motion was in consequence argued upon its legal merits. The question of the requirement of the law for a bond, if the motion prevailed, was mentioned as a right to which defendant was entitled, but the question was not discussed. Until the decision of the Supreme Court has been obtained, the questions of law raised, for all the purposes of the present cause, in its present stage, have been ruled.

The real question now before us is one which has not been discussed by counsel, and, in order to give an opportunity for this, we dispose of what is before us by announcing that we hold the motion under advisement, with leave to either party to ask for a reargument, so that the question of bond may be discussed, the defendant to continue to be free to exercise its own judgment of its course of action.